**JOHNSON et al. v. WHITEHAND.**

**No. 7731.**

Court of Civil Appeals of Texas. Austin.

July 27, 1932.

E. R. York, James A. King, and Cofer & Cofer, all of Austin, for appellants.

Henry Faulk, of Austin. for appellee.

BAUGH, J.

Appellants, who are the children of W. S. and Fannie Johnson, both deceased, sued appellee for possession, or for damages in lieu thereof, of the household and kitchen furniture, silverware, and other personal property, alleged to have been the community property of their deceased parents and to have been converted by appellee after the death of their father in January, 1928. They also sought recovery of the rental value of same during the time it was in possession of appellee. Appellee filed a general demurrer but no general denial. She did, however, specifically answer as to all of said property, itemized in appellants' petition alleging that the said W. S. Johnson, deceased, owned same individually long prior to his death, and that she had acquired title thereto by gift and purchase from him, and claimed ownership of same as against the appellants. Appellants filed numerous exceptions to this answer, all of which were overruled. Trial was to the court without a jury and judgment rendered for the defendant, appellee here, from which the plaintiffs have appealed.

Appellants contend, among other things, that, there being no general denial, and no competent proof by appellee of her asserted title, they were entitled to a judgment as prayed for. While there was no general denial as such by appellee, we think her special answers, setting up her ownership and title to the specific property sued for, amounted to a denial of plaintiffs' right to recover same and were clearly sufficient to place in issue the ownership of the property.

We find, however, no evidence to support the trial court's judgment in favor of appellee. While appellants' evidence failed to identify all of the property sued for, to show title to all of same in themselves or in W. S. Johnson, the answers of appellee admitted that she had acquired same from W. S. Johnson during his lifetime. But there was no proof that she acquired title thereto in the manner pleaded by her. The trial court may have found for her upon her verified written statement admitted in evidence that she had acquired said property by purchase and gift from W. S. Johnson. The exact character of this instrument we are unable to ascertain from the record. It bears the style and caption of the suit, is addressed to the court, and reads in part as follows: "Effie Whitehand, in compliance with the order of the Court, hereto entered, and in answer to the plaintiffs' attorneys, each and all, herewith says that personal property coming into her hand and possession by purchase and gift from the late W. S. Johnson, deceased, and claimed by the plaintiffs in their petition is located as follows:" Then follows the description of the property in her possession, and that placed by her with a furniture store for repair.

It is not shown whether said instrument was filed as a pleading or not. It is brought forward in the transcript only by a bill of exception. It appears to be a pleading in the nature of a verified answer filed under order of the court. The appellants offered it in part in evidence as an admission of possession by appellee of the property in controversy. The words, "by purchase and gift," however, were not offered; but these additional words were admitted by the court at the instance of appellee over objection of appellants. In this the court erred. Considered either as merely an affidavit or as a verified answer, the declaration of appellee that she acquired such property "by purchase and gift" would be clearly self-serving and incompetent, and no evidence of title in her. 17 Tex. Jur. 597. Under such circumstances the judgment of the trial court cannot be sustained. It is clear from the record that the case has not been fully developed. Judgment of the trial court is therefore reversed and the cause remanded.

Reversed and remanded.